# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JAMES UNDERWOOD and  )
RICHARD PHILLIPS,  )
                                                                                     )
                Plaintiffs,  )
                                                                                     )
vs.  )        Case No. CIV-07-668-D
                                                                                     )
THE BOARD OF COUNTY COMMISSIONERS  )
of the COUNTY OF JEFFERSON, STATE OF  )
OKLAHOMA, and JOHN DALE, in his  )
individual capacity,  )
                                                                                   )
                Defendants.  )

## ORDER

Before the Court is the motion [Doc. No. 127] of Plaintiff James Underwood to review the taxation of costs approved by the Court Clerk . The approved Bill of Costs [Doc. No. 126 ] awarded a total of $1,508.47 in costs to Defendant Board of County Commissioners of the County of Jefferson, Oklahoma, as the prevailing party on the claims asserted against it by Mr. Underwood. Defendant timely responded to the motion.

Mr. Underwood does not challenge Defendant's right to recover costs as the prevailing party on the claims he asserted against it, acknowledging the Court granted summary judgment in favor of Defendant and against him. *See* Order [Doc. No. 80]. However, he contends the amount of costs awarded is excessive because it includes expenses for depositions involving the claims of both Mr. Underwood and the co-plaintiff, Richard Phillips. As Mr. Underwood correctly argues, the Court denied Defendant's summary judgment motion as to Mr. Phillips's claims, and Mr. Phillips and the Defendants later settled their dispute, with each party to bear its own costs and attorney fees. *See* Joint Stipulation of Dismissal [Doc. No. 113]. After the dismissal was filed, Mr. Underwood asked the Court to enter final judgment reflecting its ruling granting summary judgment on Mr.

Underwood's claims so that he could pursue an appeal of that ruling.[1] *See* motion for entry of final judgment [Doc. No. 114]. The Court granted his request, and entered judgment against Mr. Underwood on June 9, 2010 [Doc. No. 115]. Defendant then filed its Bill of Costs, seeking costs consisting of expenses related to depositions and copying costs; the Court Clerk approved the costs incurred in connection with the depositions and denied the request for copying expenses.

Mr. Underwood argues that assessing the full amount of deposition costs against him unfairly allows Defendant to recover some costs attributable to both the claims of Mr. Underwood and those of Mr. Phillips. He contends that result is inconsistent with the Defendant's agreement, in the Stipulation of Dismissal, that it would bear its own costs and attorney fees attributable to Mr. Phillips's claims. Mr. Underwood also argues assessment of all costs against him is inequitable because some of the deposition testimony involved only Mr. Phillips's claims.

Recovery of litigations costs to a prevailing party is authorized by Rule 54 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(d)(1). Whether to award costs is a matter within the Court's discretion. *Ritchie v. Lockheed Martin Corp.*, 558 F. 3d 1161, 1171 (10th Cir. 2009). "Nevertheless, Rule 54 creates a presumption that the district court will award the prevailing party costs...[t]hus the established rule is that costs are generally awarded to the prevailing party." *Rodriguez v. Whiting Farms, Inc.*, 360 F. 3d 1180, 1190 (10th Cir. 2004) (citations omitted).

Pursuant to 28 U.S.C. § 1920, the Court may tax as costs the taking, transcribing, and copying of depositions "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) and (4). The statute permits taxation of costs for all depositions "reasonably necessary to the litigation of the case." *Furr v. AT&T Technologies, Inc.*, 824 F. 2d 1537, 1550 (10th Cir. 1987). A deposition is

---

[1] Final judgment was not entered when the Order granting summary judgment against Mr. Underwood was filed because that Order did not dispose of the entire case, and was thus an interlocutory order. *See* Fed.R.Civ.P. 54(b).

considered reasonably necessary to the litigation where it was not frivolous, it appeared to be necessary for the preparation of the case, and it was later introduced as evidence in connection with dispositive motions or at trial. *In re Williams Securities Litig.- WCG Subclass*, 558 F. 3d 1144, 1147-48 (10th Cir. 2009); *Furr*, 824 F. 2d at 1550. Reasonable necessity is determined by examining the circumstances at the time the deposition was taken; the Court does not employ the benefit of hindsight in making that determination. *Williams*, 558 F. 3d at 1148. Where several parties are involved, the Court has discretion to award costs jointly or severally or to distribute costs proportionally between multiple non-prevailing parties. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2668 at 243 (3d ed. 1998).

Mr. Underwood concedes that, in this case, four depositions[2] were reasonably necessary, and portions of each were submitted as exhibits in connection with the summary judgment motions. He argues, however, that the deposition transcripts reflect a substantial portion of the testimony involved Mr. Phillips's claims. Mr. Underwood also suggests that, if the two plaintiffs had filed separate lawsuits, the deposition costs associated with Mr. Underwood's claims would be significantly less than those involving their combined claims.

Having considered the parties' arguments and the record in this case, the Court agrees with Mr. Underwood that taxation of the entire costs against him is inconsistent with the terms of Defendant's settlement with Mr. Phillips. In executing that settlement, Defendant agreed to bear its own costs and attorney fees associated with Mr. Phillips's claims. However, its Bill of Costs sought expenses incurred in connection with the claims of both Mr. Underwood and Mr. Phillips. As Defendant suggests, those claims overlapped and involved some of the same facts and legal

---

[2]The deponents were Mr. Underwood, Mr. Phillips, Defendant John Dale, and Larry Moss.

issues; however, awarding Defendant all costs effectively allows it to recover from Mr. Underwood a portion of the costs attributable to Mr. Phillips's claims, despite Defendant's agreement to bear its own costs associated with those claims.

Although the Tenth Circuit has not directly addressed the proper assessment of costs in such circumstances, other courts have held that, when a party agrees to bear his owns costs in settlement of a lawsuit, he cannot indirectly recover those costs in a separate, related lawsuit. *See Ortho-McNeil Pharmaceutical, Inc. v. Mylan Laboratories, Inc.*, 569 F. 3d 1353, 1356-58 (Fed. Cir. 2009). The court in *Ortho-McNeil* thus held that the costs for a deposition used in both cases should be apportioned to avoid a double recovery. *Id.* at 1357.

Accordingly, in the exercise of its discretion, the Court concludes that Mr. Underwood's motion should be, and is, GRANTED. The costs assessed by the Court Clerk are reduced by one-half, for a total assessment of $754.23 in costs to be assessed against Mr. Underwood. Pursuant to the terms of the settlement with Mr. Phillips, Defendant shall bear the balance of the costs incurred.

IT IS SO ORDERED this 2nd day of March, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE